IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE SCOTT and SHIRLEEN SCOTT,<br>           Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, and DEUTSCHE BANK NATIONAL TRUSTCOMPANY, as TRUSTEE FOR GSAMP TRUST 2004-NC2, POOLING AND SERVICING AGREEMENT DATED OCTOBER 1, 2004,<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 3:12-cv-3808-O-BF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Findings, Conclusions, and Recommendation
of the United States Magistate Judge**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6) on October 2, 2012. Plaintiffs, who are represented by counsel, failed to respond within 21 days. On November 20, 2012, this Court ordered Plaintiffs to file a response to the Motion to Dismiss no later than December 7, 2012. Nevertheless, Plaintiffs failed to comply with this Court's November 20, 2012 Order.

**Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*

*v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).  As noted, Plaintiffs failed to comply with the Court's November 20, 2012 Order to respond to Defendants' Motion to Dismiss.  Their complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to FED. R. CIV. P. 41(b).

Signed, December 17, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).